**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF | No. CV-04-998-PHX-RGS |
| Gosnell Development Corporation of Arizona, | |
| Debtor. | BK-97-10778-PHX-CGC |
| _____ | ADV No. 97-0801 |
| Hall Family Properties, Ltd., | |
| Appellant, | |
| vs. | |
| Gosnell Development Corporation of Arizona, | |
| Appellee. | |
| _____ | |

Appellant Hall Family Properties, Ltd. ("HFP") appeals from the Bankruptcy Court's (Judge Redfield T. Baum) August 26, 1999 ruling that "the economic loss rule precludes the breach of fiduciary claim asserted by HFP." [Record on Appeal ("RA") 32 at 2]  The judgment on that ruling became final and appealable on April 30, 2004 [RA 46], and HFP filed its Notice of Appeal on May 10, 2004 [RA 47].

I.   BACKGROUND

The litigants were partners in the Mary Ellen Properties Limited Partnership ("MEPLP"), which was originally formed in 1981 to own and hold a parcel of land within a multi-acre planned community known as The Pointe at South Mountain.  This site was

being developed by Appellee Gosnell Development Corporation of Arizona ("GDC"). GDC was MEPLP's general partner and had a 40% interest; Mary Ellen Hall, now deceased, and her successor, HFP, was a 50% limited partner; Robert A. Gosnell was a 5% limited partner; Daniel G. Gosnell was a 3% limited partner; and William A. Gosnell was a 2% limited partner. [RA 1 at ¶¶ 1, 2]

In October 1986, an amended partnership agreement ("the Agreement") was executed among the same parties, which contemplated the design, development, and construction by GDC for MEPLP of a 113,000 square foot, two-story office building on the MEPLP land to be known as the Clocktower Corporate Center. [RA 1 at ¶ 2] The Agreement provided that GDC would "be the exclusive planner, designer, developer, and builder with respect to the Land" and that GDC would receive fees in an amount "not in excess of those which would be paid by the Partnership to third parties for comparable services." [RA 11, Exh. 1 at p. 28] On November 25, 1986, GDC entered into a standard form AIA[1] Stipulated Sum construction contract with MEPLP, which provided that GDC would render planning, design, development, and construction services for the building for a total price of $8,431,900.00. [RA 1 at ¶ 3] The Clocktower Corporate Office Center was substantially completed in August 1987, and thereafter a leasing program was initiated. [RA 1 at ¶ 4]

In October 1988, HFP filed a derivative civil action on behalf of MEPLP in Maricopa County Superior Court. In October 1991, HFP filed an amended complaint setting forth multiple counts, including allegations that GDC breached its contractual duties (Count Eight) and fiduciary duties (Count Nine) with respect to construction of the office building and tenant improvements by overcharging the partnership for fees and services. [RA 1 at ¶ 5] A jury trial commenced in the Spring of 1992, with some issues submitted to the jury and some issues reserved for the judge to decide. Only Counts Eight and Nine were submitted to the jury. After a six-week trial, the trial judge found that the verdicts and interrogatories

---

[1] American Institute of Architects

- 2 -

1 returned by the jury were inconsistent and, accordingly, declared a mistrial and ordered a
2 new trial. [RA 1 at ¶¶ 6, 7]

3 In answering the first four interrogatories, the jury found that GDC had not
4 overcharged MEPLP for the design, planning, building, development, and tenant
5 improvements for the Clocktower building. In answering the next three interrogatories,
6 however, the jury found that GDC had breached the terms of the Agreement and had failed
7 to fulfill all of its fiduciary obligations to MEPLP and that the Gosnell brothers acquiesced
8 in the breach of fiduciary duty. The jury returned verdicts awarding no damages against the
9 Gosnell brothers but awarding damages in the amount of $442,000.00 against GDC, which
10 sum corresponded to the amount of attorneys' fees that the parties stipulated was the sum
11 GDC had charged MEPLP as indemnitor for GDC's attorneys' fees incurred in connection
12 with the lawsuit. [RA 11 at ¶¶ 22-24 and Exh. 4]

13 On April 15, 1993, GDC appealed the trial court's ruling to the Arizona Court of
14 Appeals. On October 24, 1995, the appeals court affirmed the trial court's ruling and
15 remanded the matter for further proceedings. *See Hall Family Props., Ltd. v. Gosnell Dev.*
16 *Corp.*, 185 Ariz. 382, 916 P.2d 1098 (App. 1995). The two counts that remained after these
17 proceedings, Count Eight, breach of contract, and Count Nine, breach of fiduciary duty, were
18 subsequently scheduled for a three-week trial. [RA 1 at ¶ 11]

19 On August 8, 1997, GDC initiated Chapter 11 proceedings in the United States
20 Bankruptcy Court for the District of Arizona. On December 22, 1997, HFP filed its Proof
21 of Claim, contending that GDC owed $5,867,433.58, exclusive of punitive damages and
22 interest, for GDC's alleged breaches of contract and fiduciary duties. [RA 3] After two
23 rounds of briefing and two oral argument hearings, the Bankruptcy Court held that GDC was
24 entitled to summary judgment on HFP's fiduciary claim under the economic loss rule. [RA
25 32] Citing *Nautica Int'l, Inc. V. Intermarine, U.S.A., L.P.*, 5 F. Supp. 2d 1333 (S.D. Fla.
26 1998), and *Pegasus Motion Control LLCI v. The Heil Co., Inc.*, CIV 96-2851 PHX-RGS
27 (JWS) (D. Ariz. 1999), the Bankruptcy Court held as follows:

28

> Here the breach of fiduciary duty claim relates to and arises in connection with a contract, the partnership agreement. HFP has allegedly suffered only pecuniary injury (i.e., no property damages or personal injury). The venture, in which these warring parties were involved, was the construction and development of a commercial office building for profit. Given these facts, (commercial project, contractual relationship, only pecuniary loss claimed), this court concludes that the economic loss rule precludes the breach of fiduciary duty claim asserted by HFP.

[RA 32]

The Bankruptcy Court then granted GDC's motion for partial summary judgment on HFP's breach of fiduciary claim. HFP appeals from this ruling. [RA 47]

## II.     ISSUE PRESENTED AND STANDARD OF REVIEW

The following narrow issue is presented on appeal: Whether HFP's breach of fiduciary duty claim is barred by the economic loss rule.

Because the Bankruptcy Court ruled as a matter of law, review on appeal is *de novo*. *Salt River Project Agric. Improvement Dist. v. Westinghouse Elec. Corp.*, 143 Ariz. 368, 694 P.2d 198 (1984); *Apollo Group, Inc. v. Avnet, Inc.*, 58 F. 3d 477 (9th Cir. 1995).

## III.    DISCUSSION

HFP asserts that partners in a limited partnership are in a "special relationship" and owe each other a fiduciary duty. Accordingly, HFP contends that its claim of breach of fiduciary duty is an exception to the so-called "economic loss rule" which would otherwise bar recovery and that summary judgment for GDC on this issue should be reversed.

GDC argues, first, that HFP's breach of fiduciary duty claim is barred by the terms of the agreement and, second, that Arizona's economic loss rule bars such a claim. The bankruptcy court based its decision on an analysis of the economic loss rule. Accordingly, the Court will make its *de novo* review on this basis.

Under Arizona's economic loss rule, "a plaintiff who suffers only pecuniary injury as a result of the conduct of another cannot recover those losses in tort. Instead, the claimant is limited to recovery under the law of contract." *Apollo Group*, 58 F.3d at 479. The parties have not provided, nor has the Court found, a published decision from an Arizona court

1 applying the economic loss rule in the context of a limited partnership.  However the Ninth
2 Circuit Court of Appeals, based on its reading of the Arizona Supreme Court's decision in
3 *Salt River Project*, concluded that the Arizona Supreme Court would interpret the economic
4 loss rule "broadly."  *Apollo Group*, 58 F.3d at 480.  In *Salt River Project*, the Arizona
5 Supreme Court stated that "[w]here the potential for danger to person or property is absent,
6 tort principles need not be invoked because the safety incentive policy of tort liability is not
7 implicated." 143 Ariz. at 377, 694 P.2d at 207.

8 In reaching its decision, the Bankruptcy Court relied on *Pegasus Motion Control LLCI
9 v. Heil Company, Inc.*, CIV 96-2851 PHX-RGS (JWS) (D. Ariz. 1999).  Although this case
10 is not controlling, the Court finds it persuasive.  *See Herring v. Teradyne, Inc.*, 256 F. Supp.
11 2d 1118, 1128 (S.D. Cal. 2002) (holding that Ninth Circuit Rule 36-3 does not bar district
12 courts from considering other unpublished district court decisions and reviewing them for
13 persuasive authority).  In *Pegasus*, the district court applied Arizona's economic loss rule to
14 bar claims for breach of fiduciary duty arising out of a joint venture agreement.  *Id*. at 1-2.
15 When the partnership failed, the plaintiff sued, alleging both breach of the joint venture
16 agreement and a breach of fiduciary duty under Arizona law.  *Id*. at 2.  The defendant filed
17 a motion to dismiss, contending that the fiduciary claim was barred by the economic loss
18 rule.  In granting the defendant's motion, the district court found that "the economic loss rule
19 should apply to tort claims arising out of contractual relationships in order to prevent tort
20 claims from undermining the stability of commercial law and to preserve long-recognized
21 distinctions between tort and contract law." *Id*. at 4.

22 The Bankruptcy Court's conclusion is supported by other cases applying Arizona's
23 economic loss rule.  As noted above, in *Apollo Group,* the Ninth Circuit explained that tort
24 principles need not be invoked where the potential for danger to person or property is absent.
25 58 F.3d at 480.  Similarly, in *Carstens v. City of Phoenix,* 206 Ariz. 123, 129, 75 P.2d 1081,
26 1087  (Ct. App. 2003), a construction defect case, the Arizona Court of Appeals held that
27 "when tort-based damages [personal injury or property damage] are not present, the
28 economic loss rule controls."  *See also Hayden Bus. Ctr. Condos. Ass'n v. Pegasus Dev.*

- 5 -

1  *Corp.*, 209 Ariz. 511, 516, 105 P.3d 157, 162 (Ct. App. 2005) (holding that the economic loss
2  rule barred a condominium association from recovering any economic losses under a tort
3  theory).

4  In the present case, an examination of HFP's Amended Complaint demonstrates that
5  HFP's contract and fiduciary duty claims are based on the same set of facts regarding
6  development of the subject land. HFP's contract claim (Count Eight) alleges "Breach of the
7  Partnership Agreement re Construction of Office Building and Tenant Improvements," and
8  HFP's fiduciary duty claim (Count Nine) alleges "Breaches of Fiduciary Duties re
9  Construction of Office Building and Tenant Improvements." [RA 11, Exh. 3 at 48, 51] In
10 Count Eight, HFP alleges that GDC breached by "using the improper/unfair form of
11 construction contract and in obtaining payment from [MEPLP] for GDC's services in an
12 amount in excess of those which would have been paid by the partnership to third parties, and
13 in not soliciting and attempting to obtain at least three qualified competitive bids for the work
14 performed by GDC." [RA 11, Exh. 3 at 51] In Count Nine, HFP alleges that GDC breached
15 by "using the improper/unfair form of construction contract and in obtaining payment from
16 [MEPLP] for GDC's services in an amount in excess of those which would have been paid
17 by the partnership to third parties, and in not soliciting and attempting to obtain at least three
18 qualified competitive bids for the work performed by GDC." [RA 11, Exh. 3 at 53]

19 Accordingly, because HFP's breach of fiduciary claim arises out of contract and the
20 same set of facts as its breach of contract claim, and because HFP has suffered only
21 pecuniary loss, the Court finds that Arizona's economic loss rule bars the breach of fiduciary
22 claim asserted by HFP.

23 Although reliance upon Florida law is unnecessary to a resolution of the present case,
24 the Court will review several Florida cases cited by HFP in support of its theory that a breach
25 of fiduciary claim is an exception to the economic loss rule.[2] In *Moransais v. Heathman*, 744

---

[2] There is some indication that, in the absence of definitive guidance under Arizona law, Arizona courts would follow authority construing Florida's economic loss rule. *See* Eddward P. Ballinger, Jr. & Samuel A. Thumma, *The History, Evolution and Implications of Arizona's Economic Loss Rule*, 34 Ariz. St.

- 6 -

1  So. 2d 973 (Fla. 1999), a homeowner brought a professional negligence action against two
2  engineers who were hired to perform an inspection of his home pursuant to a pre-purchase
3  contract. 744 So. 2d at 974-75. The homeowner alleged that the engineers failed to detect
4  certain defects in the home and that such defects rendered the home uninhabitable. *Id.* at
5  975. The Florida Supreme Court held that the economic loss rule did not bar a cause of
6  action against a professional for negligence even though the damages were purely economic
7  and the aggrieved party had entered into a contract with the professional's employer. *Id.* at
8  983-84. The court, however, explained that where a contract exists, in order for a tort action
9  to lie, the "negligent acts [must] be *independent* from acts that breached the contract." *Id.*
10 at 981 (emphasis added). Here, in contrast, the acts alleged by HFP in its breach of contract
11 claim are the same as those acts alleged in its breach of fiduciary duty claim.

12  HFP also relies on *First Equity Corp. v. Watkins*, 1999 WL 542639 (Fla. App. 3
13 Dist.). In *First Equity*, a limited partner brought suit against a security broker, alleging that
14 the broker had breached its fiduciary duty by misrepresenting certain material facts regarding
15 the limited partnership. The Florida Court of Appeals, relying on *Moransais*, affirmed the
16 trial court's determination that the limited partner's breach of fiduciary claim was not barred
17 by the economic loss rule even though the limited partner's relationship with the broker was
18 based on oral and written agreements. "As a *per curiam* opinion, however, *First Equity*
19 contains no analysis other than a brief citation and quote from *Moransais*. Additionally,
20 *First Equity* is in conflict with another post-*Moransais* case which advocated a narrower
21 approach . . . . " *Medalie v. FSC Securities Corp.*, 87 F. Supp. 2d 1295, 1304 (S.D. Fla.
22 2000).

23  HFP's citation to *Invo Florida, Inc. v. Somerset Venturer, Inc.*, 751 So. 2d 1263 (Fla.
24 Ct. App. 2000), is likewise unavailing. In *Invo*, a creditor brought an action against a debtor

---

L.J. 491, 494 (2002) (citing *Southwest Pet Prods., Inc. v. Koch Indus., Inc.*, 89 F. Supp. 2d 1115, 1126, *overruled in part on other grounds by* 32 Fed. Appx. 213 (9th Cir. 2002), and *Kana, Inc. v. Burger King Corp.*, 255 Ariz. Adv. Rep. 18 (1997) (opinion ordered depublished on denial of petition for review (September 24, 1998)).

to recover for breach of a settlement agreement, fraudulent transfer, and breach of fiduciary duty. *Id.* at 1263-64. The Florida Court of Appeals held that the economic loss rule did not bar the breach of fiduciary duty claim even though there was an underlying contract. *Id.* at 1266. However, in reaching its decision, the appellate court observed that the elements required for Invo to prove its breach of fiduciary duty claim "are different than the ones required for Invo to prove a breach of contract action and are plainly independent of the contract; thus, they are not barred by the economic loss rule." Such a distinction is not present in the instant case.

In its Reply Brief, HFP lists several other Florida cases: *Performance Paint Yacht Refinishing, Inc. v. Haines*, 190 F.D.R. 699 (S.D. Fla. 1999) (relying on *Moransais* in holding that an employer's breach of fiduciary duty claims against former employees was not barred by the economic loss rule even though there was an underlying contract); *Crowell v. Morgan Stanley Dean Whitter Servs., Inc.*, 87 F. Supp. 2d 1287 (S.D. Fla. 2000) (relying on *Moransais* and *First Equity* in holding that an investor's breach of fiduciary duty claim against his broker was not automatically barred by the economic loss rule); *Pacific Harbor Capital, Inc. v. Barnett Bank*, 2000 WL 33992234 (M.D. Fla. 2000) (relying on *Moransais* and *Invo Florida* in holding that a breach of fiduciary duty claim by a lender against a bank that participated in the loan was not barred by the economic loss rule); *Hilliard v. Black*, 125 F. Supp. 2d 1071 (N.D. Fla. 2000) (holding that professional athletes' claim against sports agent for breach of fiduciary duty in connection with alleged investment scam was not barred by the Florida economic loss rule while noting that the factual allegations with respect to the breach of fiduciary duty claim "are independent of any acts that may have breached an oral or written contract" between the parties); and *Resolution Trust Corp. v. Holland & Knight*, 832 F. Supp. 1528 (S.D. Fla. 1993) (holding that Florida's economic loss rule did not apply to legal malpractice complaint alleging breach of duty of care and breach of fiduciary duty "[b]ecause ... both claims are, at root, malpractice claims pled in the alternative, both counts sound in tort or in contract.").

More recent Florida case law, however, supports a finding that HFP's tort claim is barred by Florida's economic loss rule. In *Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co.*, 208 F. Supp. 2d 1310, 1311 (S.D. Fla. 2002), an insurance administration company filed a complaint against an underwriter and the underwriter's executive alleging breach of fiduciary duty, among other claims. There, the district court noted that in *Moransais*, "the Florida supreme court reiterated the principle that, in order for a plaintiff to sustain a tort claim, the allegations establishing the tortious conduct must be independent from the allegations supporting a breach of contract." *Id.* at 1315. In dismissing the plaintiff's breach of fiduciary duty claim, the district court held that Florida's economic loss rule bars tort claims "when they are interwoven with the facts establishing a breach of contract." *Id.* at 1316.

In *Florida State Bd. of Admin. v. Law Eng'g & Envtl. Servs., Inc.*, 262 F. Supp. 2d 1004, 1006 (D. Minn. 2003), the plaintiff, a Florida state agency, expressed interest in purchasing a building for investment purposes located in Minnesota. The plaintiff entered into a pre-purchase contract with an engineering firm to inspect the building. The firm subsequently issued an assessment report stating that the building was in good condition. *Id.* at 1006. After the building required extensive repairs, the plaintiff filed suit against the engineering firm, alleging, among other claims, breach of fiduciary duty. *Id.* at 1007. Applying Florida law, the district court found that the economic loss rule barred the plaintiff's breach of fiduciary claim. *Id.* at 1018. The district court explained:

> Because the *Moransais* court 'reiterated the principle that, in order for a plaintiff to sustain a tort claim, the allegations establishing the tortious conduct must be independent from the allegations in supporting a breach of contract,' and because the *Moransais* court explicitly limited its holding to professional malpractice claims, it is clear that the *Moransais* court did not intend its decision to reach breach of fiduciary duty claims. Therefore the economic loss doctrine continues to bar breach of fiduciary duty claims if those claims are dependent upon a breach of contract claim after *Moransais*.

*Id.* at 1017 (citation omitted).

IV. CONCLUSION

1  Because HFP's breach of fiduciary claim arises out of the same set of facts as its
2 breach of contract claim, and because HFP has suffered only pecuniary loss, the Court
3 concludes that HFP's breach of fiduciary claim is barred by both Arizona's and Florida's
4 economic loss rules. Accordingly,

5  **IT IS ORDERED** affirming the Bankruptcy Court's ruling.

6  GDC requests and award of its costs and attorneys' fees pursuant to Rule 54.1(d) and
7 54.2 of the Rules of Practice of the United States District Court for the District of Arizona,
8 and Arizona Revised Statutes Annotated §§ 12-341 and 12-341.01.

9  **IT IS THEREFORE FURTHER ORDERED** granting said request in an amount
10 to be determined upon GDC's compliance with the requirements set forth in Local Rules 54.1
11 and 54.2.

12  DATED this 27th day of April, 2007.

_____
Roger G. Strand
Senior United States District Judge